# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CURTIS LUX, et al.,<br><br>    Plaintiff(s),<br><br>v.<br><br>JORDANA BUCHANAN, et al.,<br><br>    Defendant(s). | Case No. 2:23-cv-00839-MMD-NJK<br><br>**Order**<br><br>[Docket Nos. 10, 14] |

    Pending before the Court is Defendants' motion to stay discovery pending resolution of their motion to partially dismiss. Docket No. 10.[1] Plaintiffs do not oppose the motion and, instead, signed a stipulation to stay discovery. Docket No. 14. For the reasons discussed more fully below, the motion and stipulation to stay discovery are **DENIED**.

    The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The party seeking a stay of discovery bears the burden of making a strong showing that discovery should be denied. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). Discovery may be stayed when: (1) there is a pending motion that is potentially dispositive in nature and scope; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the underlying motion and is convinced that Plaintiff will be unable to state a claim for relief. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

---

[1] The motion to dismiss has been fully briefed. Docket No. 6 (motion); Docket No. 9 (response); Docket No. 11 (reply).

1

The instant requests to stay discovery fail from the outset because the underlying motion is not potentially dispositive. To warrant a stay of all discovery in the case, the underlying motion must be potentially dispositive <u>of the entire case</u>. *E.g.*, *Tradebay*, 278 F.R.D. at 602 ("the pending motion must be potentially dispositive of the entire case or at least dispositive on the issue on which discovery is sought"); *Martinez v. Las Vegas Metro. Police Dept.*, 2020 WL 3166611, at *1 (D. Nev. June 9, 2020) (denying motion to stay discovery because it was premised on motion seeking only partial dismissal).[2] The motion to dismiss here is seeking <u>partial</u> dismissal of the case and acknowledges that the case will proceed even if that motion is granted. *See, e.g.*, Docket No. 6 at 4 (acknowledging that the wage and hour aspect of the case will proceed). As such, the underlying motion is not potentially dispositive and a stay of all discovery is not warranted.

Accordingly, the motion and stipulation to stay discovery are **DENIED**.

IT IS SO ORDERED.

Dated: July 6, 2023

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　Nancy J. Koppe
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[2] As there is no request for a partial stay of the discovery pertinent only to the claims challenged in the motion to dismiss, the Court does not opine herein on whether a partial stay of discovery would be warranted.