1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

CURTIS LUX, et al.,

     Plaintiff(s),

v.

JORDANA BUCHANAN, et al.,

     Defendant(s).

Case No. 2:23-cv-00839-MMD-NJK

**ORDER**

     Pending before the Court is an order to show cause why Plaintiffs' case should not be dismissed for violating the order to serve initial disclosures.  Docket No. 25.  The Court held a show cause hearing on November 2, 2023.

     On July 6, 2023, the Court denied the request to stay discovery.  Docket No. 15.  On July 14, 2023, the Court ordered Plaintiffs to serve initial disclosures by July 20, 2023.  Docket No. 18 at 2.  On September 14, 2023, Plaintiffs represented that they "have not yet served their Initial Disclosures on Defendants."  Docket No. 24 at 3 n.1.  Plaintiffs responded to the subsequent order to show cause with a short, nonchalant response intimating that Plaintiffs' counsel made a deliberate decision to violate the Court's order in an "attempt to preserve resources."  *See* Docket No. 29 at 2.  Given the gravity of taking such a position, which would effectively amount to an admission of criminal contempt,[1] the Court provided counsel with an opportunity to better explain himself at the show cause hearing.  Counsel's representations at that hearing meandered wildly, and were convoluted, contradictory, and not wholly credible.  Nonetheless, Plaintiff's counsel stated at the hearing that his failure to comply with the Court's order was the result of inadvertence, as opposed to the deliberate disregard he suggested in his written filing.

---

[1] Criminal contempt occurs when there is a clear and definite order, the contemnor knows of the order, and the contemnor willfully disobeys the order.  *United States v. Doe*, 125 F.3d 1249, 1254 (9th Cir. 1997) (quoting *United States v. Powers*, 629 F.2d 619, 627 (9th Cir. 1980)).

1    The circumstances presented certainly leave much to be desired, but the Court will afford

2    Plaintiffs' counsel the benefit of the doubt one time in that it will not move forward with dismissal

3    proceedings against his clients for the failure to comply with the order requiring him to serve initial

4    disclosures.[2]  Instead, attorney Philip Trenchak is **ADMONISHED** for violating the Court's order.

5    The Court expects strict compliance moving forward with all orders and governing rules.  Future

6    violations may result in harsh sanctions, up to and including, case-dispositive sanctions and referral

7    of counsel to the State Bar for potential disciplinary proceedings.

8         IT IS SO ORDERED.

9         Dated: November 2, 2023

10    _____

11         Nancy J. Koppe
          United States Magistrate Judge

---

25    [2] To be crystal clear, the Court decides herein only that dismissal sanctions are not
26    warranted for the violation of the order requiring service of initial disclosures.  Nothing herein
      alters the other circumstances of the case, including that the case management deadlines remain
      unchanged.  *See* Docket No. 34 (denying request to extend case management deadlines), *objection*
27    *overruled*, Docket No. 49; *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th
      Cir. 1992) ("carelessness is not compatible with a finding of diligence and offers no reason for a
28    grant of relief" from case management deadlines).