UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CURTIS LUX, et al.,

    Plaintiff(s),

v.

JORDANA BUCHANAN, et al.,

    Defendant(s).

Case No. 2:23-cv-00839-MMD-NJK

**Order**

[Docket No. 53]

    Pending before the Court is Defendants' motion to compel and for sanctions. Docket No. 53. Plaintiffs filed a response in opposition. Docket No. 55. Defendants filed a reply. Docket No. 58. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

    Defendants seek to compel responses to written discovery. *See* Docket No. 53 at 3. In reply, Defendants acknowledge that responses were eventually provided. *See* Docket No. 58 at 3. As it is not clear that further discovery exists to be compelled, the motion to compel is **DENIED** as moot.[1]

    The Court declines to weigh in on the motion for sanctions for several reasons. First, Defendants improperly sought different types of relief within a single filing (both to compel discovery pursuant to Rule 37(a) and to impose case-dispositive sanctions pursuant to Rule 37(d)). The local rules disallow such omnibus motion practice. Local Rule IC 2-2(b); *see also Bank of N.Y. Mellon v. SFR Invs. Pool 1, LLC*, 2017 U.S. Dist. Lexis 132101, at *2 (D. Nev. Aug. 18, 2018) (explaining importance of rule). Second, and perhaps relatedly, the request for dispositive

---

[1] The briefing is bare-bones. To the extent further discovery does exist to be compelled, a motion must be filed providing fulsome discussion of the issues remaining to be resolved and must comply with all applicable rules.

1

sanctions is not sufficiently developed. The argument in favor of dismissal sanctions in the motion consists of one paragraph. Docket No. 53 at 5. The Court does not address arguments that are not meaningfully developed. *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013). The failure to provide robust factual and legal discussion is particularly acute when seeking significant relief, such as case-dispositive sanctions. *See, e.g.*, *Taddeo v. Am. Invsco Corp.*, 2015 WL 751072, at *1 (D. Nev. Feb. 20, 2015). Accordingly, the motion for case-dispositive sanctions is **DENIED** without prejudice.[2] If Defendants continue to seek this relief, they must file a proper motion with robust analysis by December 8, 2023.

IT IS SO ORDERED.

Dated: November 28, 2023

Nancy J. Koppe
United States Magistrate Judge

---

[2] The Court expresses no opinion herein as to whether sanctions are warranted.