1

2                          **UNITED STATES DISTRICT COURT**

3                                **DISTRICT OF NEVADA**

4

5    CURTIS LUX, et al.,                          Case No. 2:23-cv-00839-MMD-NJK

6            Plaintiff(s),                                      **ORDER**

7    v.                                       [Docket Nos. 66, 72, 73, 74, 75, 79, 85, 86,
                                                      88, 89, 92, 93, 94, 95]
8    JORDANA BUCHANAN, et al.,

9            Defendant(s).

10          This case has been marred by a pattern of violations of Court orders and the governing

11   rules by Plaintiffs' counsel, Philip Trenchak.  Docket No. 16 at 1 n.1 (noting violation of Local

12   Rule 26-1(b)(1)); Docket No. 25 at 1 (noting violation of the Court's order to serve initial

13   disclosures, along with violation of related rules); Docket No. 26 at 1 (noting violation of Local

14   Rule 26-3(a), (b)); Docket No. 69 (noting violation of Local Rule IA 6-1(a)).  On November 2,

15   2023, the Court admonished Attorney Trenchak and warned that "[t]he Court expects strict

16   compliance moving forward with all orders and governing rules.  Future violations may result in

17   harsh sanctions, up to and including, case-dispositive sanctions and referral of counsel to the State

18   Bar for potential disciplinary proceedings."  Docket No. 52 at 2.

19          Unfortunately, the misconduct has continued.  Attorney Trenchak has filed voluminous

20   papers in relation to discovery motion practice, *see, e.g.*, Docket Nos. 66, 72, 73, 74, 75, 79, 85,

21   86, 88, 89, 92, 93, 94, 95,[1] every one of which violates the local rules in multiple ways.  Attorney

22

23          [1] The Court will not get into the substance of the filings herein, but it will note that they
     are convoluted and appear to include in significant part discussion of matters not pertinent to the
     disputes at hand.  For example, it is unclear why thousands of pages are needed to address
24   responses to 27 requests for production, some of which may involve overlapping issues.  The Court
     does not condone taking a "spaghetti approach" akin to "heav[ing] the entire contents of a pot
25   against the wall in the hopes that something would stick" and leaving it to the Court to "sort
     through the noodles." *Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003).
26   All future briefing must be focused on the matters at hand and must omit extraneous information.
     In addition, all future filings must also be predicated on appropriate legal research. *But see* Docket
27   No. 88 at 10 (asserting that case law could not be found regarding the standards for reopening
     discovery to serve subpoenas and, instead, discussing the standards regarding the timeliness of a
28   motion to compel).

                                                       1

Trenchak's motion to compel (Docket No. 75) was filed in violation of the rule requiring civil discovery motions to be limited to 24 pages. Local Rule 7-3(b) (imposing 24-page limit on civil motions except for summary judgment); *but see* Docket No. 75.[2] All of the identified briefs were filed in violation of the requirement that they be in searchable PDF format. Local Rule IC 2-2(a)(1); *but see* Docket Nos. 66, 72, 73, 74, 75, 79, 85, 86, 88, 89, 92, 93, 94, 95. All of the identified papers were filed in violation of the requirement that they not consist of a single PDF of both the brief and the exhibits thereto. Local Rule 2-2(a)(3); *but see* Docket Nos. 66, 72, 73, 74, 75, 79, 85, 86, 88, 89, 92, 93, 94, 95.[3] The manner of filing has made the items so cumbersome that it can take several minutes for CMECF to even be able to display the corresponding PDF to the Court. *See, e.g.*, Docket No. 88 (consisting of a single PDF file of 367 pages). Being able to locate a particular exhibit within this mix once the PDF can be opened is also difficult given that a single, omnibus document combines the briefs and the exhibits.

In light of the myriad violations of the local rules, the Court hereby **STRIKES** all of these filings: Docket Nos. 66, 72, 73, 74, 75, 79, 85, 86, 88, 89, 92, 93, 94. *See, e.g.*, Local Rule IC 7-1. **Attorney Trenchak is admonished for violating the local rules and is (again) cautioned that failure to comply with the Court's orders or governing rules moving forward may result in the imposition of sanctions, up to and including, case-dispositive sanctions and referral of counsel to the State Bar for potential disciplinary proceedings**.

IT IS SO ORDERED.

Dated: February 12, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] Despite the page limit violation being identified by the defense with specific reference to the governing rule, Docket No. 81 at 3 (citing Local Rule 7-3(b)), Attorney Trenchak raises the ludicrous and disingenuous argument in reply that his oversized brief is allowed by the criminal rules, Docket No. 85 at 5 (citing Local Criminal Rule 47-2).

[3] Attorney Trenchak docketed one of his recent filings as a "supplement" when it is actually a "motion for leave to supplement." Docket No. 92; *but see* Local Rule 2-2(b) (CMECF filers must use the correct "event" for their filings). The Clerk's Office has since modified the docket entry to reflect that a motion was filed.