# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CURTIS LUX, et al., | Case No. 2:23-cv-00839-MMD-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket Nos. 97, 98, 99] |
| JORDANA BUCHANAN, et al., | |
| Defendant(s). | |

Pending before the Court is Plaintiff Wadkins' motion to compel discovery from Defendant AEB Enterprises. Docket No. 97. AEB filed a response in opposition. Docket No. 106. Wadkins filed a reply. Docket No. 109. Also pending before the Court is Plaintiffs Lux, Hymes, Wadkins, Mathis, Gordon, Bates, and Byrd's motion to compel discovery from Defendant Benavides. Docket No. 98. Benavides filed a response in opposition. Docket No. 105. Plaintiffs filed a reply. Docket No. 108. Also pending before the Court is Wadkins motion to compel discovery from Defendant Southwest Concrete Pumping. Docket No. 99; *see also* Docket No. 100 (corrected image). Southwest Concrete Pumping filed a response in opposition. Docket No. 107. Wadkins filed a reply. Docket No. 110.

The Court has set a hearing on the motions for April 11, 2024, Docket No. 116, which will remain on calendar. That hearing will be focused on the specific requests for production in dispute. The Court issues this order to resolve certain other issues for which a hearing is not necessary.

**I.   TIMELINESS**

Defendants argue that the motions to compel are untimely. *See, e.g.*, Docket No. 106 at 8-9. A motion to compel must be filed without undue delay and courts look to a variety of factors in making that determination. *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 360-61 (D. Nev. 2019). The subject motions were previously stricken, *see* Docket No. 96, but had been filed in late December and early January, *see, e.g.*, Docket No. 66. The motions were refiled promptly after

being stricken. In light of the initial filing dates and given the circumstances of this case, the Court declines to deny the motions to compel as untimely.

## II. CONFERRAL EFFORTS

Defendants argue that the motions to compel were not preceded by proper conferral efforts. *See, e.g.*, Docket No. 106 at 6-8. The Court has broad discretion in enforcing the conferral requirements. *V5 Techs. v. Switch Ltd.*, 334 F.R.D. 297, 302 (D. Nev. 2019) (explaining court's discretion to resolve discovery motions without further conferral efforts). There appears to be no dispute that conferral efforts took place before the motions to compel were filed initially. Moreover, the Court has since ordered the parties to engage in further conferral efforts before the hearing, Docket No. 116, and such efforts were unsuccessful, Docket No. 117. The Court declines to deny the motions to compel on meet-and-confer grounds.

## III. ADJUDICATING ALTER-EGO STATUS

Plaintiffs' briefing addresses at some length the contention that the defendants are alter egos and seeks a finding that the defendants are "judicially estopped" from denying that they are alter egos. *See, e.g.* Docket No. 97 at 7-11, 22. The fact that Plaintiffs are alleging an alter ego relationship might be pertinent to whether they can receive discovery on that issue, but a motion to compel is not the vehicle for obtaining a ruling as to whether Defendants are actually alter egos. *PlayUp, Inc. v. Mintas*, 2022 WL 4112243, at *2 n.3 (D. Nev. June 30, 2022) ("An assertion that entities are alter egos is generally a matter to be alleged in a pleading and adjudicated through the summary judgment process or trial. Defendant has not explained why it is appropriate to engage in that analysis in the context of a discovery dispute"); *see also Big City Dynasty v. FP Holdings, LP*, 336 F.R.D. 507, 512-13 (D. Nev. 2020) ("a discovery motion before a magistrate judge is not an appropriate vehicle for seeking adjudication of merits-based arguments"). The Court will not adjudicate through the pending discovery motions whether Defendants are or are not alter egos,[1]

---

[1] Plaintiffs argue in reply that the failure of Defendants to respond to this argument means they have consented to the finding Plaintiffs seek. *See, e.g.*, Docket No. 109 at 9. Application of the cited rule (Local Rule 7-2(d)) is discretionary. *See, e.g.*, *United States v. $16,000 in United States Currency*, 2019 WL 13213900, at *1 n.2 (D. Nev. Oct. 22, 2019) (Du, C.J.). The Court declines to find that Defendants waived the right to contest an argument that was itself improperly raised in these motions.

either based on the facts or application of the judicial estoppel doctrine. The Court similarly declines the invitation to adjudicate through a discovery motion whether any finding of an alter ego status should lead to case dispositive sanctions against Defendants. *See, e.g.*, Docket No. 97 at 22 ("Judicial Estoppel Warrants Dismissal [sic] of Defendants' Defensive Pleadings and Entry of a Default" (emphasis omitted)).

## IV.  PLAINTIFFS' REFERENCE TO MONETARY SANCTIONS

Plaintiffs' briefing states repeatedly that they "defer" to the Court on the issues of monetary sanctions to be imposed pursuant to "FRCP 37(3)(B)(iv)." *See, e.g.*, Docket No. 100 at 12. Plaintiffs are effectively asking the Court to make their arguments for them, which the Court will not do. *Kor Media*, 294 F.R.D. at 582 n.3. If Plaintiffs wanted sanctions, they needed to present meaningful argument supported by legal and factual citation.[2] Hence, this request is not properly before the Court and argument will not be entertained on the issue at the upcoming hearing.

## V.  DEFENDANTS' REQUEST FOR CASE-DISPOSITIVE SANCTIONS

Defendants' briefing asks for sanctions against Plaintiffs, noting that they "would prefer a case dispositive sanction," Docket No. 107 at 3, 15, but Defendants provide no legal authority or argument in support of that harsh request. The Court declines to fill in the gaps for them. *Kor Media*, 294 F.R.D. at 582 n.3. Hence, the request is not properly before the Court and argument will not be entertained on the issue at the upcoming hearing.

IT IS SO ORDERED.

Dated: April 10, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] The legal authority cited by Plaintiffs, "FRCP 37(3)(B)(iv)," does not exist. Assuming Plaintiffs meant to refer to Rule 37(a)(3)(B)(iv), that rule addresses the circumstances for moving to compel discovery. It does not address whether expenses or sanctions should be imposed.