UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CURTIS LUX, et al., | Case No. 2:23-cv-00839-MMD-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket Nos. 97, 98, 99] |
| JORDANA BUCHANAN, et al., | |
| Defendant(s). | |

Pending before the Court is Plaintiff Wadkins' motion to compel discovery from Defendant AEB Enterprises. Docket No. 97. AEB filed a response in opposition. Docket No. 106. Wadkins filed a reply. Docket No. 109. Also pending before the Court is Plaintiffs Lux, Hymes, Wadkins, Mathis, Gordon, Bates, and Byrd's motion to compel discovery from Defendant Benavides. Docket No. 98. Benavides filed a response in opposition. Docket No. 105. Plaintiffs filed a reply. Docket No. 108. Also pending before the Court is Wadkins' motion to compel discovery from Defendant Southwest Concrete Pumping. Docket No. 99; *see also* Docket No. 100 (corrected image). Southwest Concrete Pumping filed a response in opposition. Docket No. 107. Wadkins filed a reply. Docket No. 110. The Court held a hearing on the motions, at which it ruled from the bench on the disputed requests for production.[1] As stated at that hearing, the motions to compel are **DENIED** except with respect to the production of communications, including text messages. The Court issues this order to memorialize its rulings.

**I.     STANDARDS**

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). When an amicable resolution to a discovery dispute cannot be attained, however, a party seeking discovery may move the Court to issue an order compelling that discovery. Fed. R. Civ. P. 37(a). "[B]road

---

[1] The Court also issued a written order addressing certain issues prior to the hearing. *See* Docket No. 118.

1

discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

Courts only address well-developed arguments, *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013),[2] a requirement that applies with equal force to discovery motion practice, *see, e.g.*, *On Demand Direct Response, LLC v. McCart-Pollak*, 2018 WL 2014067, at *1 & n.2 (D. Nev. Apr. 30, 2018). "Parties may not merely identify an objection or response in seeking judicial intervention." *Oliva v. Cox Comms. Las Vegas, Inc.*, 2018 WL 6171780, at *4 (D. Nev. Nov. 26, 2018). While it may ultimately be the responding party's burden of persuasion to defend against a motion to compel, *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019), the movant must still present meaningfully developed argument as to each particular discovery objection in dispute, *U.S. Bank, N.A. v. N. Am. Title Ins. Co.*, 2019 WL 5788302, at *2 (D. Nev. Nov. 6, 2019).

District courts enjoy wide discretion in deciding relevancy for discovery purposes. *E.g.*, *Shaw v. Experian Info. Solutions., Inc.*, 306 F.R.D. 293, 296 (S.D. Cal. 2015). To be permissible, discovery must be "relevant to any party's claim or defense." *In re Bard IVC Prod. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016) (discussing impact of 2015 amendments to definition of relevance for discovery purposes). Even after the 2015 amendments to the discovery rules, relevance remains broad in scope. *See, e.g.*, *Fed. Nat'l Mrtg. Assoc. v. SFR Investments Pool 1, LLC*, 2016 WL 778368, at *2 n.16 (D. Nev. Feb. 25, 2016).

"A party cannot be compelled to produce documents that it insists do not exist." *Acosta v. Wellfleet Comm's, LLC*, 2018 WL 664779, at *7 (D. Nev. Feb. 1, 2018).

---

[2] Courts are also not obliged to dig through voluminous exhibits or filings elsewhere in the record to piece together arguments for a party that are not made properly in the briefing. *See, e.g.*, *Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003).

2

## II. RULINGS FROM THE BENCH

### A. Third Motion to Compel (Docket Nos. 99, 100 (corrected image))

The motion to compel is denied with respect to Request for Production 1 and the first Request for Production 7 (bank records),[3] as payroll-related bank records have been produced and the other documents are irrelevant.

The motion to compel is denied with respect to Request for Production 2 (tax returns), as the documents are irrelevant.

The motion to compel is denied as moot with respect to Request for Production 3 (Department of Labor records), as this aspect of the motion was withdrawn at the hearing.

The motion to compel is granted in part and denied in part as to Request for Production 4 and 5 (communications, including text messages). Defendant does not dispute that responsive documents exist than can be produced, but Defendant asks that the Court honor Plaintiffs' compromise commitment to produce their own documents. *See, e.g.*, Docket No. 102 at 2 (stipulation signed by counsel representing that "the parties have tentatively agreed to produce reciprocal cell phone records"). Plaintiffs do not dispute that they have or will have their own documents to disclose. *See, e.g.*, Docket No. 110 at 10 ("Plaintiffs have quickly compiled five (5) sets of cell phone records. Plaintiffs have recently compiled records that are being produced" (emphasis added)). Courts routinely hold parties to their discovery agreements. *See, e.g.*, *D.S. v. Clark Cnty. Sch. Dist.*, 2023 WL 3584256, *2 n.4 (D. Nev. May 22, 2023) (citing *Underwood v. O'Reilly Auto Enters., LLC*, No. 2:21-cv-01766-GMN-NJK, 2022 WL 4359096, at *2 (D. Nev. Sept. 20, 2022)). Both sides must disclose these records by April 30, 2024.

The motion to compel is denied as moot with respect to Request for Production 6 (complaints in other lawsuits), as this aspect of the motion was withdrawn at the hearing.

The motion to compel is denied with respect to the second Request for Production 7 (PPP loans), as the responsive documents were produced.

---

[3] There are two Requests for Production 7, the first of which relates to bank records. *See* Docket No. 100 at 11.

1  The motion to compel is denied as moot with respect to Request for Production 8
2  (personnel file), as this aspect of the motion was withdrawn at the hearing.
3      B.    <u>First Motion to Compel (Docket No. 97)</u>
4  The motion to compel is denied with respect to Request for Production 1 and 7 (bank
5  records), as the documents are irrelevant.
6  The motion to compel is denied with respect to Request for Production 2 (tax returns), as
7  the documents are irrelevant.
8  The motion to compel is denied with respect to Request for Production 3 (Department of
9  Labor records), as there are no documents.
10  The motion to compel is denied with respect to Request for Production 4 and 5
11  (communications, including text messages), as there are no documents.
12  The motion to compel is denied with respect to Request for Production 6 (complaints in
13  other lawsuits), as the documents are irrelevant.
14  The motion to compel is denied with respect to Request for Production 8 (PPP loans), as
15  there are no documents.
16  The motion to compel is denied with respect to Request for Production 9 (personnel file),
17  as there are no documents.
18  The motion to compel is denied with respect to Request for Production 10 and 11
19  (settlements, judgments, verdicts, and financial renumeration in other cases), as the documents are
20  irrelevant.
21      C.    <u>Second Motion to Compel (Docket No. 98)</u>
22  The motion to compel is denied with respect to Request for Production 1 (articles of
23  incorporation), as the documents are irrelevant.
24  The motion to compel is denied with respect to Request for Production 2 (Department of
25  Labor documents), as responsive documents have already been produced and there are no
26  additional documents.
27
28

The motion to compel is granted in part and denied in part with respect to Request for Production 3 and 4 (communications, including text messages) for the reasons stated above. Both sides must disclose these records by April 30, 2024.

The motion to compel is denied with respect to Request for Production 5 (complaints in other lawsuits), as the documents are irrelevant.

The motion to compel is denied with respect to Request for Production 6 (bank records), as the documents are irrelevant.

The motion to compel is denied with respect to Request for Production 7 and 8 (retainer agreements and fees), as the documents are irrelevant. *See, e.g.*, *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 310-11 & n.3 (D. Nev. 2019) (collecting cases).

D.    Final Considerations

The Court takes no joy in commenting on the quality of lawyering. The Court must note for the record, however, that the motions and replies were convoluted and often non-responsive to the actual issue in dispute as to any particular discovery item. These problems with the papers were compounded by counsel's failure to articulate cogent argument at the hearing on a number of issues. The Court must also note that, despite prior warnings, Plaintiffs' arguments continue along a path described by the Ninth Circuit as the "spaghetti approach," akin to heaving the entire contents of a pot against the wall in the hopes that something sticks. *Independent Towers*, 350 F.3d at 929. In accordance with Ninth Circuit case law, this Court declines "to sort through the noodles." *Id.*

IT IS SO ORDERED.

Dated: April 12, 2024

_____
Nancy J. Koppe
United States Magistrate Judge